# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) | |
| COMPLAINT OF CHRISTOPHER ) | |
| KLASSEN, AS OWNER, AND JANE ) | |
| KLASSEN, AS OWNER PRO HAC ) | Case No. 3:22-cv-01056 |
| VICE, OF A 1989 SUMERSET MOTOR ) | |
| VESSEL WITH HULL ID NUMBER ) | JUDGE CAMPBELL |
| SZJ01588F889, FOR EXONERATION ) | MAGISTRATE JUDGE FRENSLEY |
| FROM OR LIMITATION OF ) | |
| LIABILITY. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioners Christopher Klassen and Jane Klassen's Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims, filed on February 21, 2023. (Doc. No. 13). In support of the Motion, Petitioners filed a memorandum, supplemental memorandum, an Ad Interim Stipulation for Value and Stipulation for Costs, and a verified Declaration of Value. (*See* Doc. Nos. 11, 12, 14, 18, 18-1, 18-2). Petitioners have also filed a proposed Order and proposed notice to claimants. (Doc. Nos. 18-1, 18-2).

### I. BACKGROUND

Petitioners Christopher Klassen and Jane Klassen allege that they are the owner and owner pro hac vice, respectfully, of a 1989 Sumerset Motor Vessel with Hull Id Number SZJ01588F889 (the "Vessel"), which was involved in a maritime incident on or about June 12, 2022, on the Cumberland River in the vicinity of Old Hickory, Tennessee (the "Incident").[1] (Doc. No. 1 at ¶¶ 2-10). The Incident

---

[1] The Complaint refers to the Vessel as a "1989 Sumersey Motor Vessel." (Doc. No. 1). In subsequent filings, however, Petitioners state that the Vessel is a "1989 Sumerset Motor Vessel." (Doc. Nos. 11, 12, 18). It appears that "Sumersey" was a typographical error. The Clerk will correct the docket to reflect the correct spelling.

allegedly involved a passenger who, while walking down a stairway on the vessel, fell into an open hatch resulting in injuries and death. (*Id*. at ¶ 10-12).

On December 23, 2023, the Petitioners filed a complaint seeking exoneration from or limitation of liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501-30530, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule F"). Thereafter, Petitioners filed the instant Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims along with a verified Declaration of Value and an Ad Interim Stipulation for Value and Stipulation for Costs (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. Nos. 11, 12, 13).

## II.     ANALYSIS

### A. Jurisdiction

As an initial matter, the Court must be satisfied of its subject matter jurisdiction. Petitioners invoke the Court's admiralty jurisdiction under 28 U.S.C. § 1333. "An incident falls within [federal courts'] admiralty jurisdiction if it (1) occurs on a navigable waterway, (2) could potentially disrupt maritime commerce, and (3) bears a 'substantial relationship to traditional maritime activity.'" *Buccina v. Grimsby*, 889 F.3d 256, 259 (6th Cir. 2018) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).

The first element is met because the Incident occurred on the Cumberland River, which has been held to be a navigable waterway. *See Reecer v. McKinnon Bridge Co*., 745 F. Supp. 485, 496 (M.D. Tenn. 1990); *Matheny v. Tennessee Valley Auth*., 503 F. Supp. 2d 917, 919 (M.D. Tenn. 2007). In considering the potential to disrupt maritime commerce, the Court must first describe the incident at an "intermediate level of possible generality" and then determine whether this type of incident had
2

the potential to disrupt maritime commerce. *Grubart*, 513 U.S. at 538. Petitioners submit that the incident should be generally described as an injury sustained by a passenger aboard a docked vessel. The Court agrees that this is an appropriate general description of the incident and that such an incident has the potential to involve rescue personnel in and around the navigable waterway and thereby impact maritime commerce. *See In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1129 (9th Cir. 2009); *In re Petitioner of Germain*, 824 F.3d 258, 267 (2d Cir. 2016). Therefore, the second element is met. Finally, storage of vessels at a marina on navigable waters, "clearly" bears a substantial connection to the traditional maritime activity. *See Sisson v. Ruby*, 497 U.S. 358, 367 (1990). Based on the foregoing, the Court is satisfied of its subject matter jurisdiction over this matter and turns to consideration of the pending Motion.

**B. Exoneration and Limitation of Liability**

Petitioners brought this action pursuant to The Limitation Act, 46 U.S.C. §30501, *et seq*. Under The Limitation Act, a vessel owner "may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30529. The owner must "deposit with the court … an amount equal to the value of the owner's interest in the vessel" or transfer the owner's interest to a trustee. *Id*. A complaint for limitation of liability must be filed within six months of receiving written notice of a claim. *Id*. The complaint must describe the facts giving rise to the limitation of liability and "all facts necessary to enable the Court to determine the amount to which the owner's liability shall be limited." Supplemental Rule F(2). When a vessel owner files a complaint pursuant to the statute and makes the requisite deposit with the court, "all claims and proceedings against the owner related to the matter in question shall cease," and the Court will issue a notice to any persons with claims for which the complaint seeks to limit liability and "admonish[es] them to file their respective claims" by a specified date. 46 U.S.C. § 30529; Supplemental Rule F(3) and (4).

3

Petitioners filed a complaint seeking exoneration from or limitation of liability on December 23, 2023, within six months of the first written notice of claim. (Doc. No. 1 at ¶ 16). Thereafter, Petitioners filed the instant Motion along with a verified Declaration of Value and an Ad Interim Stipulation for Value and Stipulation for Costs (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. Nos. 11, 12). The Petitioners represent in the Ad Interim Stipulation that the post-incident value of the Vessel and its pending freight was $154,970.00. (Doc. No. 12). In addition, the Petitioners—joined by Allstate Property and Casualty Insurance Company ("Allstate") as Surety—state that they will guarantee payment of any potential obligations in this action up to $154,970.00, including costs and interest at a rate to be determined by the Court. (Doc. No. 11).

Based on these representations, the Petitioners request that the Court (1) approve the Ad Interim Stipulation; (2) direct the issuance of a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioners arising from any claims subject to limitation. (Doc. No. 13). The Motion is **GRANTED**.

### III.  ORDER

It is hereby **ORDERED** that the Ad Interim Stipulation for the Value of the Petitioner's interest in the Vessel and its pending freight, for no more than the amount of $154,970.00, including costs of court and interest at the rate of six percent (6%) per annum from date hereof, and filed herein by Petitioner, as Principal, and Allstate as Surety, is accepted as adequate security is approved as to form and amount.

**IT IS FURTHER ORDERED** that Petitioners and any claimant who may properly become a party hereto may contest the amount of value of Petitioners' interest in the Vessel as fixed in said Ad Interim Stipulation, may move the Court for appraisal of said interest; and may apply to have the amount of said stipulations increased or decreased as the Court may order.

**IT IS FURTHER ORDERED** that if the amount of the Ad Interim Stipulation is not contested by any Claimant herein, said Ad Interim Stipulation shall stand as a Stipulation for Value and an appraisal shall not be required.

**IT IS FURTHER ORDERED** that the attached Notice shall issue advising and admonishing all persons and corporations asserting any claims for any and all loss, destruction, damage, injuries, and/or death allegedly resulting from the Incident, to file their respective claims with the Clerk of Court in writing and serve on or mail to the attorneys for Petitioners copies thereof on or before **June 30, 2023**; and that all persons or corporations so presenting claims and desiring to contest the allegations of the Complaint shall file an Answer to the Complaint in this Court and shall serve copies of their Answer on or mail copies of their Answer to the attorneys for the Petitioners on or before **June 30, 2023**.

**IT IS FURTHER ORDERED** that Petitioners shall publish the Notice in *The Tennessean* in accordance with Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. No later than the date of the second weekly publication, the Petitioners shall mail a copy of said notice to every person or corporation known by the Petitioners to have a claim against them arising out of the Incident set forth in the complaint. In addition, the Petitioners shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

**IT IS FURTHER ORDERED** that the commencement or further prosecution of any action, suit, or proceeding against Petitioners, the Vessel, or any other property of Petitioners with respect to any claims for which the Petitioners seek exoneration from or limitation of liability herein, in any court whatsoever, and the institution and prosecution of any suits, actions, or legal proceedings, or any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim

arising out of, or connected with the casualty set forth in the Complaint herein, be and the same are hereby **STAYED, RESTRAINED, and ENJOINED** until the final determination of this proceeding. Service of this Order as a restraining order in this District may be made in the usual manner as any other federal district.

    It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE